United States District Court
For the Northern District of California

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
STEPHEN L. WILLIAMS,                    ) No. C 06-4488 MMC (PR)
9                                       )
            Plaintiff,                  ) **ORDER OF SERVICE; DIRECTING**
10                                      ) **DEFENDANTS TO FILE**
      v.                                ) **DISPOSITIVE MOTION OR NOTICE**
11                                      ) **REGARDING SUCH MOTION**
JESUS A. GARCIA, et al.,                )
12                                      )
            Defendants.                 )
13 _____ )

14          On July 24, 2006, plaintiff, a California prisoner currently incarcerated at Kern

15 Valley State Prison and proceeding pro se, filed the above-titled civil rights action under 42

16 U.S.C. § 1983 against various employees of Salinas Valley State Prison ("SVSP"), where

17 plaintiff formerly was housed.  By separate order filed concurrently herewith, plaintiff has

18 been granted leave to proceed in forma pauperis.

19                              **DISCUSSION**

20          A federal court must conduct a preliminary screening in any case in which a prisoner

21 seeks redress from a governmental entity or officer or employee of a governmental entity.

22 See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

23 dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

24 be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

25 § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

26 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.

27 § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

28 Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the complaint, the Court finds plaintiff's claims, liberally construed, are cognizable, specifically, plaintiff's claims that defendants have: (1) denied him access to the courts, in violation of his First and Fourteenth Amendment rights; (2) placed him in administrative segregation as a retaliatory measure, in violation of his Eighth and Fourteenth Amendment rights; (3) failed to investigate misconduct by SVSP employees against plaintiff, in violation of his Eighth and Fourteenth Amendment rights; (4) directed subordinate SVSP employees to place plaintiff in a confined holding cell, in violation of his Eighth and Fourteenth Amendment rights; and (5) approved disciplinary action against plaintiff without adequate investigation or procedural safeguards, and based on fabricated evidence, in violation of his Fourteenth Amendment rights.

### CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter, all attachments thereto, and a copy of this order upon **Correctional Officers Jesus A. Garcia, Jr., C. Donnohoe, and L. Goodlett** at **Salinas Valley State Prison.**  The Clerk shall also mail courtesy copies of the amended complaint and this order to the California Attorney General's Office.

2.  No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a.  If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

United States District Court
For the Northern District of California

2

**United States District Court**

For the Northern District of California

1          b.       Any motion for summary judgment shall be supported by adequate

2   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

3   Civil Procedure.  **Defendants are advised that summary judgment cannot be granted,**

4   **nor qualified immunity found, if material facts are in dispute.  If any defendant is of the**

5   **opinion that this case cannot be resolved by summary judgment, he shall so inform the**

6   **Court prior to the date the summary judgment motion is due.**

7          3.       Plaintiff's opposition to the dispositive motion shall be filed with the Court and

8   served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

9          a.       In the event the defendants file an unenumerated motion to dismiss

10  under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

11          The defendants have made a motion to dismiss pursuant to Rule 12(b) of
    the Federal Rules of Civil Procedure, on the ground you have not exhausted
12  your administrative remedies.  The motion will, if granted, result in the
    dismissal of your case.  When a party you are suing makes a motion to dismiss
13  for failure to exhaust, and that motion is properly supported by declarations (or
    other sworn testimony) and/or documents, you may not simply rely on what
14  your complaint says.  Instead, you must set out specific facts in declarations,
    depositions, answers to interrogatories, or documents, that contradict the facts
15  shown in the defendant's declarations and documents and show that you have
    in fact exhausted your claims.  If you do not submit your own evidence in
16  opposition, the motion to dismiss, if appropriate, may be granted and the case
    dismissed.

17

18          b.       In the event defendants file a motion for summary judgment, the Ninth Circuit

19  has held that the following notice should be given to plaintiffs:

20          The defendants have made a motion for summary  judgment by which
    they seek to have your case dismissed.  A motion for summary judgment under
21  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
            Rule 56 tells you what you must do in order to oppose a motion for
22  summary judgment.  Generally, summary judgment must be granted when there
    is no genuine issue of material fact--that is,  if there is no real dispute about any
23  fact that would affect the result of your case, the party who asked for summary
    judgment is entitled to judgment as a matter of law, which will end your case.
24  When a party you are suing makes a motion for summary judgment that is
    properly supported by declarations (or other sworn testimony), you cannot
25  simply rely on what your complaint says.  Instead, you must set out specific
    facts in declarations, depositions, answers to interrogatories, or authenticated
26  documents, as provided in Rule 56(e), that contradict the facts shown in the

27          [1]The following notice is adapted from the summary judgment notice to be given to pro
28  se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
    See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

**United States District Court**

For the Northern District of California

1
2
3

      defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

4  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to

5  read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S.

6  317 (1986) (holding party opposing summary judgment must come forward with evidence

7  showing triable issues of material fact on every essential element of his claim).  Plaintiff is

8  cautioned that failure to file an opposition to defendants' motion for summary judgment may

9  be deemed to be a consent by plaintiff to the granting of the motion, and granting of

10  judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

11  1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

12        4.      Defendants shall file a reply brief no later than **fifteen (15) days** after

13  plaintiff's opposition is filed.

14        5.      The motion shall be deemed submitted as of the date the reply brief is due.  No

15  hearing will be held on the motion unless the Court so orders at a later date.

16        6.      All communications by the plaintiff with the Court must be served on

17  defendants, or defendants' counsel once counsel has been designated, by mailing a true copy

18  of the document to defendants or defendants' counsel.

19        7.      Discovery may be taken in accordance with the Federal Rules of Civil

20  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

21  Rule 16-1 is required before the parties may conduct discovery.

22        8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

23  Court informed of any change of address and must comply with the court's orders in a timely

24  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

25  pursuant to Federal Rule of Civil Procedure 41(b).

26        9.      Extensions of time are not favored, though reasonable extensions will be

27  granted.  However, the party making the motion for an extension of time is not relieved from

28  his or her duty to comply with the deadlines set by the Court merely by having made a

1  motion for an extension of time.  The party making the motion must still meet the deadlines

2  set by the Court until an order addressing the motion for an extension of time is received.

3  Any motion for an extension of time must be filed no later than the deadline sought to be

4  extended.

5          IT IS SO ORDERED.

6  DATED: December 21, 2006

7                                                    MAXINE M. CHESNEY
                                                     United States District Judge