IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN L. WILLIAMS, | ) | No. C 06-4488 MMC (PR) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | ) ) | |
| JESUS A. GARCIA, et al., | ) | **(Docket No. 16)** |
| Defendants. | ) ) | |
| _____ | ) | |

On July 24, 2006, plaintiff, a California prisoner proceeding pro se and currently incarcerated at Kern Valley State Prison ("KVSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983. On December 21, 2006, after reviewing the complaint, the Court found plaintiff had stated cognizable claims for relief against various employees of Salinas Valley State Prison ("SVSP"), where plaintiff formerly was housed. In the same order, the Court directed defendants to file a dispositive motion or, in the alternative, a notice indicating defendants are of the opinion such a motion is not warranted.

On April 20, 2007, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground plaintiff had failed to exhaust his administrative remedies. Plaintiff filed an opposition, and defendants filed a reply. The Court, having read and considered the papers filed in support of and in opposition to the motion, rules as follows.

**FACTUAL BACKGROUND**

The complaint concerns events that occurred in 2004 at SVSP. Plaintiff alleges that defendant Garcia, a correctional officer at SVSP, fabricated a CDC-RVR-115 ("RVR")[1] that stated plaintiff had threatened him. (Compl. ¶ 46.) According to plaintiff, the claims in the RVR were made in retaliation for plaintiff's filing of a civil suit against Garcia in federal court, and for the purpose of having plaintiff placed in administrative segregation in order to preclude him from litigating that action effectively.[2] (Compl. ¶¶ 45-46.) Plaintiff alleges he was placed in administrative segregation because of the RVR and that he remained there for several months, until a hearing was held and he was found not guilty. (Compl. ¶¶ 36, 49-50.)

Plaintiff further alleges that before he was placed in administrative segregation because of the RVR, defendant Donnahoe, another correctional officer at SVSP, moved him to a small holding cell where he was held for more than three hours and denied food and water. (Compl. ¶ 78.) Plaintiff also alleges that defendant Goodlett, another correctional officer at SVSP, failed to investigate plaintiff's allegations of misconduct by Garcia before approving, signing and processing the RVR. (Compl. ¶ 79.)

In its order of the service, the Court found plaintiff's allegations stated cognizable claims that defendants: (1) denied him access to the courts, in violation of his First and Fourteenth Amendment rights; (2) placed him in administrative segregation as a retaliatory measure, in violation of his Eighth and Fourteenth Amendment rights; (3) failed to investigate misconduct by SVSP employees against him, in violation of his Eighth and Fourteenth Amendment rights; (4) directed subordinate SVSP employees to place him in a confined holding cell, in violation of his Eighth and Fourteenth Amendment rights; and (5) approved disciplinary action against him without adequate investigation or procedural safeguards, and based on fabricated evidence, in violation of his Fourteenth Amendment

---

[1] An "RVR-115" is a "Rules Violation Report."

[2] The referenced lawsuit is Williams v. Garcia, No. C 02-3813 MMC (PR). The Court granted summary judgment in favor of defendants in that action on March 1, 2005.

2

rights. (Order of Service, filed Dec. 21, 2006, at 2.)

## DISCUSSION

A. <u>Standard of Review</u>

Nonexhaustion under § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion. <u>Id.</u> In deciding such a motion, the district court may look beyond the pleadings and decide disputed issues of fact. <u>Id.</u> at 1119-20.[3] If the court concludes the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the complaint without prejudice. <u>Id.</u> at 1120.

B. <u>The Exhaustion Requirement</u>

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must

---

[3] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust, the court must give the prisoner fair notice of his opportunity to develop a record. <u>Id.</u> at 1120 n.14. Plaintiff was given such notice by this Court in the Order of Service.

3

proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

C.     Analysis

Defendants argue plaintiff did not exhaust his administrative remedies concerning his claims because, as the result of his failure to follow proper appeal procedures, he did not receive a decision from the Director's level of review before he filed the instant action.

In support of their argument, defendants submit a declaration by D. Porter ("Porter"), a Facility Captain in the Inmate Appeals Branch ("IAB") at the California Department of Corrections and Rehabilitation. The IAB keeps an electronic record of each inmate appeal that has proceeded through the Director's level of review since 1993. (Decl. D. Porter Supp. Defs.' Mot. Dismiss ("Porter Decl.") ¶ 4.) Porter searched the database containing records of all administrative appeals that have proceeded through the Director's level of review for appeals filed by plaintiff. (Id. ¶ 5.) The search revealed that the Director's level of review received and denied five inmate appeals from plaintiff between October 2003 and November 2006. (Id. ¶ 6 & Ex. C at AGO-003.) None of those appeals involved plaintiff's claims against defendants Garcia, Goodlett and Donnahoe that are the subject of the instant action. (Id.)

The IAB also keeps an electronic record of the appeals that have been "screened out" at the Director's level of review due to some procedural deficiency. (Id. ¶ 7.) The record of screened-out appeals shows that two appeals plaintiff submitted to the Director's level of review concerning the claims that are the subject of the instant action were screened out on June 7, 2005, and October 1, 2005, respectively, because plaintiff had not sought second-level review of the claims. (Id. ¶ 8 & Ex. D at AGO-004.)

4

The parties' pleadings and supporting documents set forth the following undisputed facts concerning the two screened-out appeals. Plaintiff submitted his first-level informal appeal on October 27, 2004. (Decl. M. Quinn Supp. Defs.' Mot. Dismiss ("Quinn Decl.") Ex. F at AGO-009.) Review of the appeal at the informal level was bypassed, and the appeal was denied at the first formal level of review on January 6, 2005. (See id. at AGO-012.) On March 17, 2005, plaintiff submitted an appeal to the Director's level of review. (Compl. ¶ 58.) In a letter dated June 7, 2005, the Chief of the IAB wrote plaintiff that his Director's-level appeal was being returned to him because it had not been completed at the second level of review. (Porter Decl. Ex. A at AGO-001.) On June 10, 2005, plaintiff submitted his appeal to the second level of review. (Compl. ¶ 60.) On June 30, 2005, the appeal was screened out and denied at the second level of review because the appeal was untimely. (Compl. ¶ 63.)

On August 4, 2005, after being moved to KVSP, plaintiff submitted a second appeal to the Director's level of review. (Compl. ¶ 64.) In a letter dated October 1, 2005, the Chief of the IAB again wrote plaintiff that his Director's-level appeal was being returned to him because it had not been completed at the second level of review. (Porter Decl. Ex. B at AGO-002.) Plaintiff then resubmitted his appeal to the second level of review. (Compl. ¶ 66.) On November 9, 2005, the appeal was screened out and denied on the ground it previously had been screened out and denied on June 30, 2005. (Compl. ¶ 69.)

In his opposition to the motion to dismiss, plaintiff concedes he did not exhaust his administrative remedies, but argues he was unable to do so because prison officials did not respond to his first-level appeal in a timely manner, (Opp. 8:24-26; 14:17-21); specifically, he claims he was not notified of the January 6, 2005 first-level decision denying his appeal until March 16, 2005. (Opp. 5:4-7.) He further claims he could not appeal the first-level decision because "original copies of attached documentary evidence" were missing when he received the first-level decision, (Opp. 5:6-7); consequently, he argues, he sought Director's-level review "as a precautionary measure to ensure a disposition based on impartiality and

fairness." (Opp. 13:18-19.)[4] Finally, plaintiff argues he should be allowed to proceed with his claims because of his good-faith efforts to exhaust his administrative remedies. (Opp. 6:14-15; 8:16-21; 11:21-23.)

Defendants argue that even if the response to plaintiff's first-level appeal was late, plaintiff was not prevented thereby from exhausting his administrative remedies, because the time for filing a second-level appeal did not begin to run until plaintiff received the first-level response. Specifically, the applicable regulations provide that an inmate, when appealing a decision, "must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." Cal. Code Regs. tit. 15, § 3084.6(c). Consequently, defendants argue, plaintiff was required to submit a second-level appeal no later than fifteen days after his receipt, on March 16, 2005, of the unacceptable first-level decision. Plaintiff, however, instead chose to submit, on March 17, 2005, an appeal to the Director's-level of review. As a result, by the time plaintiff submitted a second-level appeal in June 2005, the time for submitting such an appeal, which began running on March 16, 2005, had passed.

Defendants further contend that plaintiff's next argument in opposition to the motion, that missing documentary evidence prevented him from exhausting his administrative remedies, is without merit. Rather, defendants argue, plaintiff failed to exhaust his administrative remedies not because documents allegedly were missing when the first-level decision was returned to him, but because he chose to ignore the second level of review and to proceed directly to the ultimate level.

Lastly, defendants argue, plaintiff's assertions that he made good-faith efforts to exhaust his administrative remedies provide insufficient grounds on which to allow his claims to proceed, because a prisoner may initiate litigation in federal court only after the administrative process has concluded and the prisoner's grievances have been left

---

[4]In the Director's-level appeal, plaintiff explained he was filing his appeal at that level of review because the first-level response had been issued late, and stated: "To beat the run around I'm forwarding this appeals (sic) directly to the Director for review." (Opp. Ex. A.)

6

unredressed. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

The Court finds defendants' arguments persuasive. The Supreme Court has held the exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). Rather, "proper exhaustion" of available administrative remedies is required. Id. at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted). Consequently, it is the prison's grievance process that defines the boundaries of proper exhaustion. See Jones v. Bock, 127 S. Ct. 910, 923 (2007).

Here, plaintiff's Director's-level appeal was procedurally defective because plaintiff filed it without having first filed a second-level appeal or meeting the one regulatory exception for bypassing the second level of review. See Cal. Code Regs. tit. 15 §§ 3084.5(c), 3084.7(d)(4)(B) (requiring prisoners to complete second level of review before filing third-level appeal unless appeal concerns involuntary transfer to California Medical Facility or Atascadero State Hospital). Further, even if the first-level decision was untimely and missing documentary evidence, as plaintiff alleges, he has not shown such defects prevented him from filing a timely second-level appeal within fifteen days of his receiving the first-level decision. Notably, despite the alleged defects, plaintiff was able to file a Director's-level appeal the day after he received the first-level decision. As plaintiff made clear both in his Director's-level appeal and his opposition herein, he chose to ignore the second level of review and proceed directly to the Director's level not by reason of any inability on his part but rather because of what he perceived to be a lack of impartiality at the lower levels.

The Court also agrees with defendants that plaintiff's asserted good-faith efforts to exhaust are not sufficient to allow his claims to proceed. The Supreme Court has made clear that exhaustion is mandatory and no longer left to the discretion of the district court. See Woodford, 126 S. Ct. at 2382. Here, it is undisputed that plaintiff did not exhaust his administrative remedies before he filed his complaint; consequently, his claims must be

7

dismissed. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding action must be dismissed unless prisoner exhausted available administrative remedies before filing suit).

Accordingly, the Court will grant defendants' motion to dismiss the complaint.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint is hereby GRANTED. The above-titled action is hereby DISMISSED without prejudice to plaintiff's refiling his claims after all available administrative remedies have been exhausted.

This order terminates Docket No. 16.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 16, 2008

_____
MAXINE M. CHESNEY
United States District Judge